IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL K. BERRY, :
:
    Petitioner. :
:
vs. : CIVIL ACTION 15-0585-WS-M
:
CHERYL PRICE, :
:
    Respondent. :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. Gen.L.R. 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases.  In addition to his habeas petition (Doc. 1), Berry has filed a Motion to Stay (Doc. 3).  This action is now ready for consideration.  No federal evidentiary hearing is required.  It is recommended that the Motion to Stay (Doc. 3) be denied and that the habeas petition (Doc. 1) be denied and dismissed without prejudice.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of capital murder in the Mobile

1


County Circuit Court on December 14, 2012 for which he received a sentence of life without the possibility of parole in the state penitentiary (Doc. 1, p. 2).  Appeal was made to the Court of Criminal Appeals of Alabama that affirmed the conviction and sentence (Doc. 1, p. 3).  Berry currently has a State Rule 32 petition pending in the State courts that raises the same claims raised in this federal petition (Docs. 1, 3).

Petitioner filed a complaint with this Court on November 10, 2015, raising the following claims:  (1) There was insufficient evidence to convict him; (2) the trial court improperly allowed certain people to remain on the jury venire that should have been struck; and (3) the trial judge gave an improper charge to the jury (Doc. 1).

In his Motion to Stay (Doc. 3), Petitioner expresses concern about having only fourteen days left to file his § 2254 petition after the Alabama courts rule on his State Rule 32 petition (Doc. 3).  Berry's concern relates to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 that amended, in pertinent part, 28 U.S.C. § 2244.  Berry states that the claims in this § 2254 petition are unexhausted as they were raised in his Rule 32 petition (*id.*).

Section 2254 requires that a petitioner exhaust his State court remedies before a federal court can rule on a habeas

petition.  28 U.S.C. § 2254(b)(1)(A).  The statute goes on to state that a petitioner shall not be deemed to have exhausted his remedies so long as one remains available.  § 2254(c).

The Court finds that it would be inappropriate for the Court to rule on this habeas petition in its present judicial posture as the claims are unexhausted in the State courts.  The Court further notes that Berry cannot avail himself of the "stay and abeyance" procedures discussed in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) as this is not a mixed petition, *i.e.*, a petition containing both exhausted and non-exhausted claims. *See McCullough v. Hetzel*, 2009 WL 2486038, *2 (M.D. Ala. August 12, 2009); *Saintvil v. McNeil*, 2008 WL 2357676, *6 (S.D. Fla. March 25, 2008).[1]  This Court does not enjoy jurisdiction over this action, so it cannot stay it.

Therefore, it is recommended that Petitioner's Motion to Stay (Doc. 3) be denied and that this action be dismissed, without prejudice, so that Berry may properly pursue his available remedies in the State courts.[2]

---

[1] Even were this a mixed petition, "a stay and abeyance is available in limited circumstances, only if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court, (2) the unexhausted claims are 'potentially meritorious,' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'"  *Saintvil*, 2008 WL 2357676 at *6 (*quoting Rhines*, 544 U.S. at 277-78).  Here, Berry has demonstrated none of these things.

[2] In light of this recommendation, the Court finds that Berry's

3

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Berry has not exhausted his claims in the State courts, a reasonable jurist could not conclude that this Court errs in dismissing the instant petition or that Berry should be allowed to proceed.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present

---

Motion for Leave to Proceed *in forma pauperis* is **MOOT** (Doc. 2).

4

and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 7(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives

the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 24th day of November, 2015.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE